UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

NO. 06-CR-113-KKC

UNITED STATES OF AMERICA                                           PLAINTIFF

V.                              RECOMMENDED DISPOSITION

TAMMY LYNN BOWERY                                                  DEFENDANT

\* \* \* \* \*

The Court, on referral, *see* DE #50, considers the allegation that Defendant Tammy Lynn Bowery again has violated conditions of her supervised release. This District originally convicted Defendant for theft of mail, by a postal service employee, in violation of 18 U.S.C. § 1709. *See* DE #27 Judgment (March 2, 2007 Judgment imposing 29 days (time served) of imprisonment and 3 years of supervised release). Bowery began supervised release on March 1, 2007, but in July 2007 the District Judge (after the undersigned issued a Recommended Disposition) revoked based on Defendant's methamphetamine use. *See* DE #43 R&R. The Court sentenced Defendant to a 6-month revocation term and a 30-month term of supervised release. *See* DE #45.

Bowery began the reimposed supervised release term on November 30, 2007, and she now is before the Court again because of alleged violations. The USPO issued a Supervised Release Violation Report on November 12, 2008 and secured a warrant. Bowery appeared for proceedings under Rule 32.1 on December 31, 2008. *See* DE #49 Minutes.

At a final hearing, Defendant competently entered a knowing, voluntary, and intelligent stipulation to report charges #2 and #3, after the Court afforded Bowery all rights due under Rule

1

32.1 and 18 U.S.C. § 3583.[1]  The Report alleges as follows:

1. On February 10, 2008, the KSP arrested Bowery for DUI, failure to produce insurance card and failure to wear seat belt; the facts indicate that Bowery denied using alcohol but failed field sobriety tests. Bowery registered a .093 on a portable breath test on the date at issue;

2. Bowery never informed the probation office of her February 10, 2008 arrest;

3. Defendant's blood alcohol on February 10th was 0.93, indicating alcohol use;

4. On November 5, 2008, Defendant was charged in Knox District Court for first degree possession of a controlled substance (methamphetamine). According to the Kentucky Uniform Citation, Defendant was present at a location that was searched by the Knox County Sheriff's Office and was found to be in possession of methamphetamine. State charges are pending in Knox County;

5. On November 5, 2008, Defendant was with Rusty Collins who has been previously convicted of felonies in state court; and

6. Bowery did not timely report the November 5, 2008 arrest.

Stipulation to violations #2 and #3 implicates Defendant's conditions from this Court in two ways. First, the District Judge placed Bowery on a "no alcohol" condition, and alcohol use would be a violation. Second, Bowery carried the standard condition that she timely report any arrest or questioning by law enforcement, and failure to report the February 2008 arrest would transgress that restriction. *See* DE #45 Judgment (with supervision terms). Bowery accepted responsibility at the

---

[1] The Court offered a Rule 32.1 preliminary hearing, which Defendant competently waived. *See* DE #49. The Court thus set and conducted a final hearing. Bowery validly stipulated, and the Court offered the parties the opportunity to present any proof and make any argument concerning the proper disposition of the matter. The Court also expressly informed Defendant of her right of allocution before the District Court. Between the initial appearance and final hearing, the Court detained Bowery per Rule 32.1(a)(6).

final hearing and stipulated that, in the supervised-release context, both violations occurred as stated. The stipulation and information in the record plainly established that violations #2 and #3 did occur.[2]

The Court has evaluated the full record, including the release violation documents, the record from the prior instance of revocation, *see* DE #43 R&R, and sentencing materials from the underlying Judgment in this District. The Court has considered all of the § 3553 factors imported into the § 3583(e)(3) analysis.

Under § 3583, a defendant's maximum penalty for a supervised release violation[3] hinges on the gravity of the underlying offense of conviction. Bowery's conviction under 18 U.S.C. § 1709 is a Class D felony. *See* 18 U.S.C. § 1709; 18 U.S.C. § 3559. The maximum revocation sentence provided under § 3583 is not more than two (2) years imprisonment. *See* 18 U.S.C. § 3583(e)(3).[4]

The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x. 436, 438-439 (6th Cir. 2007)("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely

---

[2] The United States offered no proof on the remaining allegations; as such, the Court finds those violations not proven.

[3] The proof standard is a preponderance of the evidence, *see* § 3583(e)(3), which Defendant's stipulation and the proffered corroborating evidence (including the KSP report and test results) obviously satisfy.

[4] Because of the timing of the underlying offense (7/18/06), relative to the version of § 3583 in effect, the statutory period is not a **cumulative** maximum as to Bowery. *See United States v. Williams*, 425 F.3d 987, 988-99 (11th Cir. 2005)(discussing cumulative cap under prior statutory version). Thus, the prior revocation would not reduce her maximum term in this case.

advisory' and need only be considered by the district court before sentence is imposed.")(citation omitted). Under § 7B1.1(a)(3), the nature of Defendant's admitted conduct would qualify as Grade C violations. *See id.* With a criminal history category of I (the category at the time of the conviction in this District) and a Grade C violation, Defendant's range, under the Revocation Table of Chapter 7, is 3-9 months.

A court also may reimpose supervised release, following revocation, for a period that subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). The general supervision-term limits of § 3583(b) apply "[e]xcept as otherwise provided." *See id.* Given the Class D underlying felony, and given the prior 6-month revocation term, the maximum here would be 30 months (minus any incarceration term here imposed). *See United States v. Vera*, 542 F.3d 457, 462 (5th Cir. 2008)(noting that potential SR term is cumulative of any incarceration – *i.e.,* the "aggregate length of any terms" – imposed on any violation, including prior violations).

The parties made a joint recommendation to the Court, which was nonbinding. The recommendation would call for revocation, a seven (7) month term of imprisonment, and no reimposition of supervised release. Both counsel persuasively articulated the joint recommendation, and the Defendant directly addressed the Court.

The Court has carefully weighed the nature and circumstances of the offense and Defendant's particular history and characteristics. Bowery's habitual and troubling violation record –both pre- and post-trial – is worrisome. *See* DE #43, at 2-3 (enumerating past record). Alcohol use raises particular dangers, as the arrest circumstances indicate. Further, the failure to report issue undercuts

4

the efficacy of supervision and flouts the Court's trust. At the same time, the Court also acknowledges that the behavior admitted is not independently criminal. Additionally, the Guidelines suggest that the *primary* wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b)("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). This observation does not detract from but rather shapes the Court's analysis of the statutory factor encompassing offense conduct.

The Court also accounts for the need to deter criminality by Bowery and to protect the public. Defendant shows little ability to abide by restrictions for any length of time, which heightens the likelihood of criminal conduct (she, *e.g.,* faces current state felony drug charges) and the need for safety measures. Revocation is proper and fully warranted.[5]

The Court accepts the parties' recommendation as appropriate under § 3583. The Court also declines to recommend additional supervision, finding that further supervision would be ineffectual to advance the statutory purposes set forth in § 3553.

As such, the Court recommends the following:

1.  Revocation, based on the two violations proven, with an incarceration term of seven (7) months;

2.  No additional term of supervision to follow.

---

[5] The Guidelines comment that "[r]evocation of . . . supervised release generally is the appropriate disposition in the case of a Grade C violation by a defendant who . . . after a finding of violation, again violates the conditions of his supervision." *See* § 7B1.3 Application Note 1.

After consideration of the entirety of Chapter 7, and applying the binding statutory factors in § 3553, the Court views the recommended sentence as sufficient but not greater than necessary to effectuate the statute's purposes.  The recommendation is within, but toward the top end of the Guidelines range, and Bowery's record of noncompliance warrants the higher sentence in this case.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record.  Any waiver should comport with the Court's standard waiver form, circulated at the hearing.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute.  *See also* 18 U.S.C. § 3401(i).  As defined by § 636(b)(1), within ten days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 12th day of January, 2009.

Signed By:
*Robert E. Wier*  REW
United States Magistrate Judge